UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MERITA DYSART, STANLEY R. AMES and WESLEY B. AMES,<br><br>       Plaintiffs,<br><br> v.<br><br>ROY A. AMES and RUBYE AMES,<br><br>       Defendants. | NO: 13-CV-0261-TOR<br><br>ORDER ON PENDING PROCEDURAL MOTIONS |

  BEFORE THE COURT are the following motions: (1) Defendants' Motion to Set Aside Default (ECF No. 13); (2) Defendants' Motion to Dismiss and For Sanctions (ECF No. 14); (3) Plaintiffs' Motion to Strike Defendants' Motion to Dismiss (ECF No. 16); (4) Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (ECF No. 17); and (5) Plaintiffs' Motion for Extension of Time to Reply to Defendants' Response to Plaintiffs' Motion to Strike (ECF No. 20). These matters were submitted for consideration without oral

ORDER ON PENDING PROCEDURAL MOTIONS ~ 1

argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## DISCUSSION

**A. Defendants' Motion to Set Aside Default (ECF No. 13)**

Defendants have moved to set aside the default entered by the Clerk of Court on January 10, 2014 (ECF No. 12). Motions to set aside default are governed by Federal Rule of Civil Procedure 55(c). The rule provides that entry of default may be set aside upon a showing of "good cause." In determining whether good cause has been shown, a district court must consider (1) whether the default resulted from culpable conduct on the part of the defendant; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff would be prejudiced by setting aside the default. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). "To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case." *Id.* at 701. When a motion to set aside a default is filed prior to the entry of default judgment, the district court has "especially broad" discretion in deciding whether to grant relief. *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000).

In the exercise of its discretion, the Court will grant the motion. With regard to the first factor identified above, the default does not appear to have resulted from culpable conduct on the part of the Defendants. A defendant's conduct may

be deemed "culpable" only if he has "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original). As explained in *Mesle*, "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (quotation and citation omitted). Thus, a failure to answer cannot defeat a showing of good cause unless there is evidence that the defendant acted deviously, deliberately, willfully or in bad faith. *Id.* The Court finds that Defendants' failure to respond was the product of excusable neglect rather than an attempt to deliberately manipulate the legal system.

As to the second factor, the record in this case does not reflect whether Defendants have meritorious defenses to Plaintiffs' claims. The Court notes, however, that the defendants in two companion cases (13-CV-257-TOR and 13-CV-405-TOR) have asserted meritorious defenses arising from the same core set of facts. This factor weighs slightly in Defendants' favor. *See Mesle*, 615 F.3d at 1091 ("[A] case should, whenever possible, be decided on the merits.") (quotation and citation omitted).

ORDER ON PENDING PROCEDURAL MOTIONS ~ 3

Finally, the Court finds that Plaintiffs would not be prejudiced by an order setting aside the default. As noted above, "the setting aside of a [default] must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 696. "Rather, the standard is whether [the] plaintiff's ability to pursue his claim will be hindered." *Id.* (quotation and citation omitted). Here, any prejudice to Plaintiffs is limited to delaying resolution of the case. Accordingly, Defendants' motion to set aside the default is granted.

**B. Plaintiffs' Motion to Strike Defendants' Motion to Dismiss (ECF No. 16)**

Plaintiffs have moved to strike the motion to dismiss filed by Defendants on February 6, 2014. In support of this motion, Plaintiffs allege that the motion "contains substantial false and misleading representations" which violate Rule 11(b) and that Defendants failed to follow Rule 11(c)(2) in moving for sanctions. ECF No. 16 at 1-2.

The motion to strike is denied. As Defendants have withdrawn their request for sanctions, *see* ECF No. 19 at 2, the motion to strike is denied as moot as to the alleged violations of Rule 11(c)(2).

With regard to the alleged "false and misleading representations" within the motion, the Court finds no violations of Rule 11(b). The Court has become quite familiar with the facts giving rise to this case and the two companion cases in recent weeks, and is satisfied that defense counsel's motion to dismiss does not

violate Rule 11.  Plaintiffs' motion for an extension of time to reply to Defendants' response to the motion to strike (ECF No. 20) is denied.

### C. Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss

Plaintiffs have moved for an extension of time to respond to Defendants' pending motion to dismiss.  Defendants have not filed a response.  For good cause shown, the motion is granted.  Plaintiffs shall file their response to Defendants' motion to dismiss on or before **April 25, 2014**.  Plaintiffs shall file their optional reply on or before **May 9, 2014**.  The motion is re-set for hearing without oral argument on May 16, 2014.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Set Aside Default (ECF No. 13) is **GRANTED**.  The Default entered at ECF No. 12 is hereby **STRICKEN**.

2. Plaintiffs' Motion to Strike Defendants' Motion to Dismiss (ECF No. 16) is **DENIED**.  Plaintiffs' Motion for Extension of Time to Reply to Defendants' Response to Plaintiffs' Motion to Strike (ECF No. 20) is **DENIED**.

3. Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**.  Plaintiffs shall file their response to the pending motion to dismiss on or before **April 25, 2014**.

ORDER ON PENDING PROCEDURAL MOTIONS ~ 5

Plaintiffs shall file their optional reply on or before **May 9, 2014**.  The hearing on Defendants' Motion to Dismiss (ECF No. 14) is **RESET** for hearing <u>without</u> oral argument on **May 16, 2014**.

The District Court Executive is hereby directed to enter this Order and mail copies to counsel all *pro se* parties at their addresses of record.

**DATED** April 7, 2014.

THOMAS O. RICE
United States District Judge

ORDER ON PENDING PROCEDURAL MOTIONS ~ 6